**MINUTE ENTRY**
**KNOWLES, M.J.**
**SEPTEMBER 3, 2010**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**TATE & LYLE SUGAR HOLDINGS, INC.**                    **CIVIL ACTION**

**VERSUS**                                             **NO. 10-1800**

**CONTINENTAL CASUALTY COMPANY**                       **SECTION "S" (3)**

**REPORT AND RECOMMENDATION**

On this date, Defendant Continental Casualty Company's Opposed Motion for Extension of Discovery Period Set by the Court and Enlargement of Time to File Supplemental Memoranda Regarding the Jurisdictional Issue [Doc. #29] came on for oral hearing by telephone before the undersigned. Present were Daniel Dysart and Lee Epstein on behalf of plaintiff and Glenn Goodier, Charles Blair and Rebecca Ross on behalf of defendant.[1] Having reviewed the memoranda, the case law and the parties' oral argument, the Court rules as follows.

   **IT IS RECOMMENDED** that Defendant Continental Casualty Company's Opposed Motion for Extension of Discovery Period Set by the Court and Enlargement of Time to File Supplemental Memoranda Regarding the Jurisdictional Issue [Doc. #29] be DENIED.

---

[1]      The District Court referred this motion to the undersigned on August 26, 2010. [Doc. #34].

The discovery dispute here concerns an issue collateral to the merits, namely, the principal place of business of plaintiff Tate & Lyle Sugar Holdings, Inc. ("Tate") for purposes of diversity jurisdiction. Defendant Continental Casualty Company ("Continental") seeks an extension of the discovery deadline on the jurisdictional issue of five days (or until September 20, 2010) and an extension of seven days (or until September 27, 2010) to file its supplemental jurisdictional memoranda. The current deadlines are September 15 and 20, 2010, respectively. Given the compressed discovery time frame, the scheduled vacations of counsel and Tate's alleged refusal to e-mail its discovery responses, Continental asks the Court for the extension. The extension will allow Continental to depose six officers and directors of Tate on September 14 and 15, 2010 and to depose Marc. W. Larson, Tate's Secretary, on September 20, 2010.

Tate opposes the motion, arguing that the compressed discovery time frame is of Continental's own making. Continental chose to first propound interrogatories and requests for production instead of simply taking Larson's deposition, which, Tate contends, would satisfy all the discovery that Continental needs. With regard to Continental's "vacation" argument, Tate points out that each side is represented by two law firms with multiple lawyers who can handle the depositions.

The Court recommends denial of the motion because the Court finds that while it may be difficult, the parties can comply with the District Court's deadlines. The Court is reticent to jeopardize those dates set by the District Court. Both Tate and Continental are represented by numerous counsel, each of whom is qualified to participate in the discovery of this one collateral issue, *i.e.*, the determination of Tate's principal place of business. The Court will elaborate with further reasons on why Continental's extension is unnecessary in a companion Minute Entry entered

this date in which the Court grants in part Tate's Motion for a Protective Order.

## NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**