UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TATE & LYLE SUGAR HOLDINGS, INC. | CIVIL ACTION |
| VERSUS | NO: 10-1800 |
| CONTINENTAL CASUALTY COMPANY | SECTION: "S"(3) |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Motion for Remand filed by Tate & Lyle Sugar Holdings, Inc. (Doc. #10) is **GRANTED**, and this matter is **REMANDED** to the 34th Judicial District Court, Parish of St. Bernard, State of Louisiana.

### BACKGROUND

This matter comes before the court on a Motion to Remand filed by plaintiff, Tate & Lyle Sugar Holdings, Inc. ("T&L"). On May 27, 2010, T&L filed suit in the 34th Judicial District Court, Parish of St. Bernard, State of Louisiana, against Continental Casualty Company seeking a declaration that Continental provided insurance coverage to T&L for underlying asbestos claims against T&L, and damages for breach of contract.

On June 23, 2010, Continental removed the case to the United States District Court for the Eastern District of Louisiana pursuant to the general removal statute, 28 U.S.C. § 1441, alleging

diversity subject matter jurisdiction under 28 U.S.C. § 1332. Continental contends that the parties are completely diverse and that there is more than $75,000 in controversy.

T&L filed a motion to remand arguing that complete diversity is lacking. Continental is incorporated and maintains its principal place of business in Illinois. T&L is incorporated in Delaware, and contends that its principal place of business is Illinois. The majority of T&L's directors work from Illinois, and most of its records are maintained in Illinois. However, Continental argues that T&L's principal place of business is Delaware because it has consistently maintained that to be the case in its filings with the state of Delaware and contracts with third parties. Further, T&L does not have an office in Illinois, is not registered to do business in Illinois, and does not hold board meetings in Illinois. Alternatively, Continental argues that T&L is not an active corporation, and thus has no principal place of business for diversity purposes.

## ANALYSIS

**A.    Legal Standard**

Motions to remand to state court are governed by 28 U.S.C. § 1447(c), which provides that "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper. Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir.), cert. denied, 114 S.Ct. 192 (1993).

In assessing whether removal is appropriate, the court is guided by the principal, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. See Manguno v. Prudential Prop. & Cas. Ins. Co., 276

F.3d 720, 723 (5th Cir.2002). Doubts regarding whether federal jurisdiction is proper should be resolved against federal jurisdiction. Acuna v. Brown & Root, 200 F.3d 335, 339 (5th Cir. 2000).

**2.     T&L's Motion to Remand**

Section 1332(a)(1) provides that the district court has original jurisdiction where the amount in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). A corporation is a citizen of the state in which it is incorporated and the state where it maintains it principal place of business. Id. at § 1332(c)(1).  In Hertz Corp. v. Friend, 130 S.Ct. 1181, 1192 (2010), the Supreme Court of the United States held that a corporation's principal place of business is:

> . . . the place where a corporation's officers direct, control, and coordinate the corporation's activities.  It is the place that Courts of Appeals have called the corporation's "nerve center." And in practice it should normally be the place where the corporation maintains its headquarters - provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the "nerve center," and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion.)

A corporation's activities are commercial activities that further the purpose of the corporation. See Bonnie & Co. Fashions, Inc. v. Bankers Trust Co., 18 F.Supp.2d 297, 303 n. 6 (S.D.N.Y. 1998) (citing Pinnacle Consultants, Ltd. v. Leucadia Nat'l Corp., 101 F.3d 900, 907 n. 5 (2d Cir. 1996))/

T&L was formed in 2000 to hold the stock of two former subsidiaries and to sell those subsidiaries to third parties.  After the sales, T&L continued to manage certain assets and liabilities of the former subsidiaries that were not sold.  The assets were all sold by 2008.  However, T&L still manages asbestos and hearing loss claims against the former subsidiaries and holds the stock of

Staley International, Inc. T&L's purpose is to conduct the remaining affairs of its former subsidiaries, and its primary corporate activity is to manage the asbestos and hearing loss claims and pursue insurance coverage for those claims. These activities are performed in Illinois where T&L's president supervises the management of the litigation. Therefore, T&L's center of direction, control, and coordination is Illinois, and complete diversity is lacking.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Remand filed by Tate & Lyle Sugar Holdings, Inc. (Doc. #10) is **GRANTED**, and this matter is **REMANDED** to the 34th Judicial District Court, Parish of St. Bernard, State of Louisiana.

New Orleans, Louisiana, this 13th day of October, 2010.

MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE